IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | ) Criminal Action No. 19-00106-KD-B |
| | ) |
| **CECIL F. JAMES,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant Cecil F. James' motion for credit for time spent in Federal custody (doc. 44). Upon consideration and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

James plead guilty to the offense of felon in possession of a firearm (doc. 1, doc. 27). On November 8, 2019, he was sentenced to a term of "78 months as to Count 1, term to run concurrent with yet to be imposed state sentence." (doc. 41). The Court also designated the "state facility to serve federal sentence." (doc. 41). In September 2019, when his pre-sentence investigation report was prepared, two state court cases were pending. Those cases were bound over to the Grand Jury (doc. 31, p. 11). According to the AlaCourt website, the Grand Jury returned "no bill" in January 2020.

James argues that he should receive credit for six months against his federal sentence. Specifically, the time between his arrest on a writ of habeas corpus ad prosequendum in May 2019 and his sentencing in November 2019. James provides a letter from his defense counsel, with the following sentence underlined: "If you appeared on a federal writ and were in state custody on cases that were later nolle processed, you should receive credit for this time against your federal sentence" (doc. 44, p. 2).[1]

---

[1] James also argues that while he was in federal custody, he was sentenced to "six months on a

However, decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). The Supreme Court has held that "'§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)).

Thus, James may ask the Bureau of Prisons to credit this time spent in custody. United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018). If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." Leverette, 721 Fed. Appx. at 917 (citing 28 C.F.R. § 542.10, et seq). After he has exhausted the administrative remedy procedures through the BOP, and he is dissatisfied with the result, he may seek judicial review of the computation by way of a petition pursuant to 28 U.S.C. § 2241.[2] Id. Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.

**DONE** and **ORDERED** this the 10th day of January 2022.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

county case", and because he never left federal custody, he should receive credit. The Presentence Investigation Report indicates that James was sentenced to six months in 2017, before he was arrested in May 2019 for the offense in this action. At sentencing, this Court specifically stated that his sentence would be served concurrent with any yet to be imposed state sentence. There is no mention of concurrency with any previously imposed state sentence.

[2] Additionally, a federal inmate's § 2241 petition must be filed in the district court for the district where the inmate is incarcerated. Since James is not incarcerated in the Southern District of Alabama, - he is incarcerated at USP Beaumont in Beaumont, Texas - this Court would not have jurisdiction to hear his § 2241 petition.