IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | ) Criminal Action No. 19-00106-KD-B |
| | ) |
| **CECIL F. JAMES,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

This action is before the Court on Defendant Cecil F. James' motion for credit for time spent in Federal custody (doc. 47). Upon consideration and for the reasons set forth herein, the motion is **dismissed** for lack of jurisdiction.

James pled guilty to the offense of felon in possession of a firearm (doc. 1, doc. 27). On November 8, 2019, he was sentenced to a term of "78 months as to Count 1, term to run concurrent with yet to be imposed state sentence" (doc. 41).  The Court also designated the "state facility to serve federal sentence." (doc. 41).  In September 2019, when his pre-sentence investigation report was prepared, two state court cases were pending. Those cases were bound over to the Grand Jury (doc. 31, p. 11).  According to the AlaCourt website, the Grand Jury returned "no bill" in January 2020.

Previously, James moved the Court to award credit for six months in federal custody prior to his sentencing.  Specifically, the time between his arrest on a writ of habeas corpus ad prosequendum in May 2019 and his sentencing in November 2019 (doc. 44). The motion was dismissed for lack of jurisdiction (doc. 45). The Court explained that

> decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention

> and to compute the amount of credit to which he is entitled.") (citation omitted). The Supreme Court has held that "'§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)).

(Doc. 44). The Court further explained that James may "ask the Bureau of Prisons to credit this time spent in custody" and that

> If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." [ ]. After he has exhausted the administrative remedy procedures through the BOP, and he is dissatisfied with the result, he may seek judicial review of the computation by way of a petition pursuant to 28 U.S.C. § 2241.Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement.

(Doc. 44) (citations and footnote omitted).

James now states that he filed his "BP8 remedy and the case manager wrote back saying that the 7 months I am asking for was credited toward my state sentence" but James asserts that he "never had a state sentence" (doc. 47). Thus, James takes the position that the case manager was incorrect. He also states that the case manager said that his sentencing judge could give this credit and he asks this Court to "credit" him with "this time" in federal custody (Id.).

Despite what James' case manager allegedly told him, this Court does not have authority to compute or award jail credit. United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted).

Additionally, as previously explained, if the BOP declines to award credit, James may pursue a "claim through the Bureau's Administrative Remedy Program." United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). After he has exhausted the administrative remedy procedures through the BOP, and he is dissatisfied with

the result, he may seek judicial review by filing a petition pursuant to 28 U.S.C. § 2241.  United States v. Martin, 362 Fed. Appx. 69, 70 (11th Cir. 2010) ("Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review.") (citing United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)).

And as previously explained, James' § 2241 petition must be filed in the district court for the district where he incarcerated.  United States v. Leverette, 721 Fed. Appx. at 917.  Since James is incarcerated at USP Beaumont in Beaumont, Texas, which is in the Eastern District of Texas, this Court would not have jurisdiction to hear his § 2241 petition.

**DONE** and **ORDERED** this the 28th day of July 2022.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE